# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-308V

| | |
|---|---|
| GWYNETH RAMPTON,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: November 27, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 7, 2021, Gwyneth Rampton filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) resulting from adverse effects of an influenza (flu) vaccination she received on October 19, 2020. Amended Petition at 1. Petitioner further alleges that the

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed a more detailed Amended Petition on November 19, 2022. ECF No. 21

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

vaccination was administered within the United States, her injury lasted longer than six months, and neither she, nor any other party, has ever received compensation in the form of an award or settlement for her vaccine-related injury. Amended Petition at 1, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 12, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent concluded that "[P]etitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table." *Id.* at 6. Specifically, Respondent determined that "[P]etitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain [P]etitioner's shoulder pain." *Id.* Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master